UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| QUINCY L. SCOTT, | ) | |
|---|---|---|
| *Petitioner,* | ) | |
| v. | ) | No. 1:10-cv-79 |
| | ) | *Mattice/Carter* |
| JIM MORROW, WARDEN, | ) | |
| *Respondent.* | ) | |

**MEMORANDUM**

Quincy L. Scott ("Scott") filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court of the Middle District of Tennessee, Nashville Division [Doc. 1]. Because Scott is challenging the legality of six Hamilton County convictions and that county lies within the Eastern District of Tennessee, the case was transferred to this Court. Scott has paid the filing fee. Also before the Court are Scott's motions requesting to stay the proceeding and hold his federal habeas case in abeyance [Doc. 2] and to appoint counsel [Doc. 3].

**I.     Motion to Stay Federal Habeas Proceedings**

Scott, who has filed a mixed habeas petition, as it contains both exhausted and unexhausted claims,[1] requests the Court to stay the proceedings and hold his federal habeas case in abeyance pending exhaustion of state remedies because his state post-conviction petition is presently pending in state court [Doc.2]. Prior to obtaining federal habeas corpus relief, a petitioner must demonstrate he has exhausted all available state court remedies, or that there is an absence of state corrective process, or that resort to those remedies would be futile. 28 U.S.C. § 2254(b)(1). Absent unusual

---

[1] The petition reflects Scott raised some of the claims on direct appeal and others have been raised in his pending state post-conviction petition.

1

or exceptional circumstances, a district court should dismiss a petition filed pursuant to 28 U.S.C. § 2254 if it contains unexhausted claims. *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir. 1996), *cert. denied,* 519 U.S. 1079 (1997); *Pliler v. Ford,* 542 U.S. 225, 229 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (A federal district court must dismiss a mixed habeas petition—one which contains both exhausted and unexhausted claims). As a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies. 28 U.S.C. § 2254; *Hannah v. Conley,* 49 F.3d 1193, 1195 (6th Cir. 1995); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994).

An application for a writ of habeas corpus will not be granted unless the applicant has exhausted the remedies available in state court. 28 U.S.C. § 2254. The Supreme Court has interpreted this rule as one of total exhaustion. *Rose v. Lundy,* 455 U.S. 509, 510 (1982). Therefore, unless an exception applies, failure to comply with the exhaustion rule as to only one of the claims will normally render the entire petition for federal habeas relief a "mixed petition" which must be dismissed if a remedy is still available for the prisoner to pursue. *Id. at* 519-521; *Pliler v. Ford*, 542 U.S. at 233 (reiterating that *Rose* requires only that a district court must dismiss a mixed petition). Although the Supreme Court has reaffirmed, in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), its previous holding in *Rose*, it stated that, in light of the one-year statute of limitation contained in 28 U.S.C. § 2244(d)(1), which did not exist when it issued the *Rose* decision, district courts have discretion under "limited circumstances," to hold habeas petitions in abeyance while a petitioner is presenting his claims to the state courts.

Nevertheless, a federal court is authorized to stay and abate a mixed habeas corpus petition if dismissing a mixed petition filed close to the expiration of the one-year statute of limitations in

§ 2244(d)(1) might cause a petitioner to lose, forever, his opportunity for habeas corpus relief because the limitations statute likewise could prevent him from refiling his federal petition once the claims have been exhausted. This situation also arises when a court determines, only after the lapse of the limitations statute, that a § 2254 petition contains unexhausted claims along with exhausted ones.

Such is not the case here as it appears Petitioner's "one-year limitation period for habeas actions was tolled pursuant to 28 U.S.C. § 2244(d)(2), with just under eight months remaining to file a federal habeas application upon the conclusion of his state proceeding." [Doc. 14, at 5].[2] Because some of Petitioner's claims are still being determined in the state courts of Tennessee, a dismissal, more than likely, would not result in the loss of all claims raised within, including any exhausted ones, because the limitation period in § 2244(d) is tolled by the pendency of Petitioner's state post-conviction petition.[3]

For these reasons, Petitioner does not qualify for a stay and abatement order and, therefore, his motion to hold his case in abeyance will be **DENIED** (Doc. 2) .

## II. Motion to Appoint Counsel

Because Petitioner's "mixed" federal habeas corpus petition will be dismissed as premature, his motion to appoint counsel will necessarily be **DENIED as MOOT** (Doc. 3).

---

[2] Petitioner is mistaken in his belief that the filing of his state post-conviction pending did not toll the statute of limitations for the claims he raised on direct appeal.

[3] Although the clock is tolled while his state post-conviction petition is pending, Petitioner should return to federal court post haste at the conclusion of his state post-conviction proceedings.

### III. Conclusion

Because Petitioner's petition contains unexhausted constitutional claims which are presently pending in state court in his state post-conviction case, this action will be **DISMISSED WITHOUT PREJUDICE** as premature.

An appropriate order will enter.

                                         */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE